**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

THE WATERSHED TREATMENT PROGRAMS, INC., a Florida corporation,

Plaintiff,

v. CASE NO.:

CENTER FOR HUMAN DEVELOPMENT, INC., a Massachusetts corporation,

Defendant.
______________________________________/

## COMPLAINT

Plaintiff, The Watershed Treatment Programs, Inc. ("Watershed" or "Plaintiff"), by counsel, sues Defendant, Center for Human Development, Inc. ("CHD" or "Defendant"), and alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action at law and in equity for false designation of origin under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act").

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, 28 U.S.C. § 1332, and 28 U.S.C. § 1367(a).

3. Plaintiff, Watershed, is a Florida corporation with its principal place of business located in Palm Beach County, Florida.

4. Defendant, CHD, is a Massachusetts corporation with its principal place of business located in Hampden County, Massachusetts.

5. Defendant, CHD, is subject to this Court's exercise of personal jurisdiction over it because CHD used and continues to use the Internet as a vehicle for the deliberate, intentional misappropriation of Watershed's federally registered trademark, and that use is aimed at, among other states, Florida.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) in the United States District Court Southern District of Florida because Defendant, CHD, resides in this district as residency is defined in 28 U.S.C § 1391(c).

## OPERATIVE FACTS

### I. Watershed's Trademark.

7. Watershed provides drug and alcohol rehabilitation services, including residential treatment services. Watershed has facilities in Florida and Texas, and provides treatment to patients from across the United States, including residential treatment services to patients, including women, from the state of Massachusetts.

8. Watershed is the owner of United States Trademark Registration No. 3109332 for the mark WATERSHED®.

9. Since May 1, 1998 and continuously thereafter, Watershed has provided drug and alcohol rehabilitation services, including residential treatment services, under the trademark WATERSHED®.

10. Watershed has used its WATERSHED® mark continuously, notoriously, and extensively with respect to and in association with its drug and alcohol rehabilitation services.

11. Consumers nationwide have come to know, rely upon, and recognize Watershed's mark as identifying Watershed's drug and alcohol rehabilitation services, including residential treatment services, including residential treatment services.

12. As a result of Watershed's substantial nationwide promotion, advertising, publicity, and public relations activities, its WATERSHED® mark has acquired substantial goodwill and is a valuable commercial asset.

13. Plaintiff's WATERSHED® mark is distinctive and inherently distinctive, serves to identify and indicate the source of Watershed's services to the consuming public, and to distinguish Watershed's drug and alcohol treatment services, including residential treatment services, from those of others.

**II. <u>CHD'S Infringing Activities</u>**

14. CHD, through its "Watershed Recover Center for Women," is in the business of providing residential drug and alcohol treatment to women.

15. CHD offers its residential drug and alcohol treatment services to consumers through its Internet website http://chd.org/adult-services/addiction-recovery-services/watershed-recovery-center-women/.

16. CHD refers to itself simply as "Watershed" throughout its Internet website.

17. CHD provides as its email contact for purpose of sale of its goods and services on its Internet website "watershed@chd.org."

18. CHD's use of the confusingly similar "Watershed" mark in commerce in connection with drug and alcohol treatment is without permission, license, or authority from Plaintiff, Watershed.

19. CHD's use of the confusingly similar "Watershed" mark is a colorable imitation of Plaintiff's mark.

20. CHD adopted and began using the confusingly similar “Watershed” mark in connection with drug and alcohol treatment after Plaintiff, Watershed’s adoption, use, and registration of the WATERSHED® mark.

21. CHD knows that its use of “Watershed” in connection with drug and alcohol treatment infringes upon Plaintiff’s WATERSHED® mark.

22. CHD’s unauthorized use of the confusingly similar “Watershed” mark is likely to cause and has caused actual confusion, to cause mistake, and/or to deceive customers and potential customers of the respective parties, as to some presumed but nonexistent affiliation, connection, sponsorship, or association between Plaintiff, Watershed, and CHD, or as to the origin, sponsorship, or approval by Plaintiff of CHD’s services.

23. CHD’s unauthorized use of the confusingly similar “Watershed” mark indicates to the purchasing public that CHD and/or its services originate with Plaintiff, Watershed, or are affiliated, connected, or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff.

24. CHD’s unauthorized use of the confusingly similar “Watershed” mark falsely designates the origin of CHD’s services.

25. CHD’s unauthorized use of the confusingly similar “Watershed” mark enables CHD to call attention to its company and its services, and to trade on and receive the benefit of the good will built up by Plaintiff at great labor and expense over many years, and to gain acceptance for its services not solely on its own merits, but instead on the reputation and good will of Plaintiff and its WATERSHED® mark.

26. CHD's unauthorized use of the similar "Watershed" mark places the valuable reputation and goodwill of Plaintiff in the hands of CHD, over whom Plaintiff exercises no quality control nor over whom Plaintiff has the right to exercise quality control.

27. Unless this Court restrains CHD's conduct with respect to its use of and infringement on Plaintiff's WATERSHED® mark, CHD will continue to cause irreparable injury to Plaintiff and to the public, for which there is not adequate remedy at law.

28. All conditions precedent to the commencement and maintenance of this action, and to the granting of the relief requested, have occurred, have been performed, or have been waived.

29. Watershed has retained Burr & Forman LLP to represent it in this action and has agreed to pay the firm costs and attorneys' fees for pursuing this action on its behalf. Watershed is entitled to recover its costs and attorneys' fees from CHD pursuant to the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT I**
**(Infringement of Federally Registered Trademark)**

30. Watershed realleges its allegations set forth in paragraphs 1 through 29, above.

31. CHD's acts described herein constitute infringement of Watershed's federally registered trademark in violation of 15 U.S.C. § 1114.

**COUNT II**
**(False Designation of Origin)**

32. Watershed realleges its allegations set forth in paragraphs 1 through 29, above.

33. CHD's acts described herein constitute unfair competition and trade name infringement in violation of 15 U.S.C. § 1125(a).

34. CHD is using Plaintiff's WATERSHED® mark with full knowledge of Plaintiff's rights, and in bad faith with willful and deliberate intent to trade on Plaintiff's goodwill. Given the willful nature of CHD's infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**COUNT III**
**(Common Law Trademark Infringement)**

35. Watershed realleges its allegations set forth in paragraphs 1 through 29, above.

36. CHD's acts described herein constitute trademark and trade name infringement in violation of common law.

**COUNT IV**
**(Common Law Unfair Competition)**

37. Watershed realleges its allegations set forth in paragraphs 1 through 29, above.

38. CHD's acts described herein constitute unfair competition in violation of common law.

**COUNT V**
**(Injunctive Relief)**

39. Watershed realleges its allegations set forth in paragraphs 1 through 29, above.

40. The WATERSHED® mark is a strong and inherently distinctive mark because 1) Watershed registered the mark with the United States Patent and Trademark Office, and 2) the mark is arbitrary and/or suggestive. Accordingly, the mark is entitled to the highest degree of protection.

41. CHD's unauthorized use of Watershed's mark falsely indicates to consumers that CHD is connected or related to Watershed.

42. A likelihood of confusion exists because CHD's use of Watershed's mark on, among other places, its website, http://chd.org/adult-services/addiction-recovery-

services/watershed-recovery-center-women/, will likely deceive and indeed has deceived purchasers or users as to the source, endorsement, or affiliation of the services purportedly available for purchase.

43. Without Watershed's consent, CHD has been using and continues to use Watershed's mark with the intent of capitalizing on Watershed's reputation and goodwill.

44. Watershed will be irreparably harmed if CHD is not enjoined from infringing on Watershed's trademark.

45. Watershed does not have an adequate remedy at law for CHD's infringement of the WATERSHED® mark.

46. Watershed is substantially likely to succeed on the merits of its trademark and trade name infringement claims against CHD.

47. Entry of an injunction will serve the public interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, The Watershed Treatment Programs, Inc., Inc., respectfully requests that this Court enter Final Judgment in its favor and against Defendant, Center for Human Development, Inc., and find as follows:

a) CHD, by and through its improper use of the WATERSHED® mark, has infringed Plaintiff, Watershed's rights;

b) CHD, its officers, agents, servants, employees, attorneys, affiliated companies, and all persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained from using the WATERSHED® mark for the sale of any services to consumers, including but not limited to using the mark

on http://chd.org/adult-services/addiction-recovery-services/watershed-recovery-center-women/ or otherwise;

c) CHD, its officers, agents, servants, employees, attorneys, affiliated companies, and all persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained from using, registering, or applying to register any trade name, Internet domain name, Internet metatag, corporation name, trademark, or service mark which incorporates the word WATERSHED®;

d) CHD provide an accounting of the illegal profits obtained from its infringing activities and hold in trust for the benefit of Watershed such illegal profits;

e) Watershed be awarded all general, special, and actual damages, as provided under the Lanham Act and Florida law.

f) CHD be ordered to file with this Court, and to serve upon Watershed within thirty (30) days after entry and service on it of an injunction, a report in writing, and under oath setting forth in detail the manner and form in which CHD has complied with the injunction;

g) Watershed recover its costs, prejudgment and post-judgment interest, and attorneys' fees from CHD; and

h) Watershed recover such other relief as the Court deems just and proper to protect Plaintiff's rights.

**REQUEST FOR JURY TRIAL**

Watershed requests a trial by jury of all issues so triable.

Dated: August 12, 2016

*/s/ John A. Schifino*
Harvey S. Kauget, Esq.
Florida Bar No. 116254
John A. Schifino, Esq.
Florida Bar No. 0072321
**BURR & FORMAN LLP**
P.O. Box 380
Tampa, Florida 33601-0380
(813) 221-2626 (telephone)
(813) 221-7335 (facsimile)
hkauget@burr.com
jschifino@burr.com

Attorneys for Plaintiff, The Watershed Treatment Programs, Inc.